IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

| | |
|---|---|
| CHARLES BLACK, | CIVIL DIVISION |
| Plaintiff, | CASE NO. _2023 CA 002262_ |
| vs. | |
| FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, an Agency of the State of Florida, and ASHLEY REAGLE, in his individual capacity, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

Plaintiff sue Defendants and allege as follows:

### Jurisdiction

1. This is an action for damages within the jurisdiction of this court.

2. This Court has jurisdiction over the federal law claims raised pursuant to Article V, Section 5(b) of the Florida Constitution.

3. Venue is proper in this Court because the wrongful acts took place here.

4. Notice of claim has been served pursuant to § 768.28, Florida Statutes and the time for honoring the claim has expired without action.

5. All conditions precedent have been satisfied or waived.

### Parties

6. At all times material hereto, CHARLES BLACK, was a resident of Florida, residing in Leon County, Florida.

7.  At all times material hereto, Defendant DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES (DHSMV) was an agency of the State of Florida, with its headquarters in Leon County, Florida. DHSMV is the parent agency of the Florida Highway Patrol (FHP).

8.  At all times material hereto, Defendant ASHLEY REAGLE was a law enforcement officer employed by FHP. He is sued individually.

9.  At all times material hereto, Defendant Reagle acted under color of law.

### Common Allegations of Fact

Plaintiffs re-allege the above allegations and further allege as follows:

10. On or about February 6, 2021, Charles Black, Jr. was operating his personal motor vehicle in Tallahassee, Florida.

11. At approximately 1:00 a.m., Black was returning to the home of his girlfriend.

12. On this date and time, Florida Highway Patrol Trooper Ashley Reagle stopped Black's car, confronting him with a loaded and leveled firearm.

13. Reagle offered no explanation for the stop but simply shouted orders.

14. Black, a college student who had been attending college in California on a golf scholarship was understandably frightened and believed he could he killed.

15.  Black, quickly but with trembling, obeyed all orders but repeatedly asked what he was being stopped for.

16. Trooper Reagle continued to keep Mr. Black at gunpoint until a Deputy arrived from the Leon County Sheriff's Office (LCSO) to tell Reagle that Black was the wrong person.

17. The armed stop was unconstitutional and tortious and dangerous in that it unnecessarily threatened Black's life.

18. The stop was not reasonable based on the information available to Trooper Reagle at the time of the stop.

19. Black continued to be detained even though it would have been clear to Reagle that his license tag was the wrong number and the wrong state.

20. Black knew that he was being unjustifiably detained but followed all instructions because he believed he could be killed at any moment.

21. The circumstances of the arrest indicate that Black was racially profiled.

22. Young, unarmed American Black men are killed by law enforcement officers in the United States at a rate that is substantially higher than the rate for young unarmed men of any other racial or ethnic category.

23. Charles Black was keenly aware of these statistics which increased his fear.

24. Reagle and other officers present behaved in an unprofessional manner in that they made no effort to reassure Mr. Black that they meant him no harm.

25. Mr. Black has had nightmares and panic episodes ever since that night.

26. Mr. Black, through his attorney, sent a citizen's complaint to both the Office of General Counsel of the Florida Department of Highway Safety and Motor Vehicles and also the local FHP Troop without receiving a response.

27. Mr. Black has been obliged to retain an attorney to vindicate his rights and will be obligated to the attorney for a reasonable fee and costs.

WHEREFORE, Plaintiff seeks damages as noted below.

## Causes of Action

### I.    False Arrest (DHSMV)

The General Allegations of the Complaint are incorporated herein.

28.  This is an action for common law false arrest.

29.  Plaintiff is entitled to relief against Defendant DHSMV in that Trooper Reagle, acting under color of law and without probable cause, restrained Plaintiff against his consent so that Plaintiff was deprived of his liberty.

30.  Plaintiff was further restrained, in that agents, servants or employees of Defendant used words to the effect that Plaintiff was under arrest which implied threats of force, as well as actual force, and immediate means of coercion against the Plaintiff, so that the Plaintiff was restrained and deprived of liberty as effectively as he would have been behind prison bars.

31.  By reason of the aforesaid wrongful acts, Plaintiff was deprived of liberty, subjected to indignity, expense, loss of income, humiliation, pain and suffering, mental anguish, was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, and has been otherwise injured now and in the future. WHEREFORE, Plaintiff prays for judgment as set forth below.

### II.    False Arrest under 42 U.S.C. § 1983 (Ashley Reagle)

Plaintiff re-alleges the Common Allegations as if fully set forth herein.

32.  Plaintiff is entitled to relief against Defendant Reagle in that he intentionally and unlawfully caused Plaintiff to be imprisoned against his will in violation

of the Fourth Amendment to the U.S. Constitution, so Plaintiff was deprived of his liberty without lawful authority; and maintained such deprivation.

33. Plaintiff was further restrained, in that Defendants used words to the effect that Plaintiff was under arrest or was not free to move freely which implied threats of force, as well as actual force, and immediate means of coercion against the Plaintiff, so that the Plaintiff were restrained and deprived of liberty at all times as effectively as if behind prison bars.

34. Defendant misused his power, possessed by virtue of state law and made possible only because Defendants were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. Section 1983.

35. The foregoing actions of all Defendants were in deliberate disregard of Plaintiff's rights under the Constitution of the United States.

36. Defendant Reagle, acted with actual and legal malice as is set out herein, Plaintiff is entitled to a substantial award of punitive damages as to him.

37. As a direct and proximate result of these wrongful acts, Plaintiff has suffered pecuniary loss, pain, shock, humiliation, emotional distress, embarrassment, loss of liberty, loss of self-esteem, disgrace, and loss of enjoyment of life, was prevented and continues to be prevented from obtaining the full enjoyment of life and will continue to suffer such damages in the future.

38. Plaintiff has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is

entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## III.    Intentional Infliction of Emotional Distress

Plaintiff re-alleges the Common Allegations as if fully set forth herein.

39.    Trooper Reagle's conduct was extreme and outrageous.

40.    The conduct described herein, including the leveling of a loaded firearm at Mr. Black during an unjustified stop, constitutes outrageous conduct that would shock the conscience of a reasonable person, and constitutes the actionable tort of intentional infliction of emotional distress.

41.    As a direct and proximate result of the above unlawful acts, Plaintiff has sustained emotional pain and suffering, humiliation, anxiety, embarrassment, and distress, and is therefore entitled to relief under the above facts.

## <u>Prayer for Relief</u>

WHEREFORE, the Plaintiff respectfully seeks judgment as follows:

A. Compensatory damages against each of the defendants herein;

B. Punitive damages against the individual defendants under federal law;

C. Attorney's fees pursuant to 42 U.S.C. §§ 1988 and costs;

D. A trial by jury on all issues so triable;

E. Such further relief as the Court deems just and proper.

Respectfully submitted on 9/18/23,    *s/ James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street

Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

ATTORNEY FOR PLAINTIFF