UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| CHARLES BLACK,<br><br>     Plaintiff,<br><br>vs.<br><br>FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, an Agency of the State of Florida, and ASHLEY REAGLE, in his individual capacity,<br><br>     Defendant. | CASE NO. 4:23-cv-00491-AW-MAF |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO DISMISS THE COMPLAINT FOR DAMAGES**

Plaintiff, CHARLES BLACK, responds to the Motion to Dismiss (ECF 06) by Defendants Florida Department of Highway Safety and Motor Vehicles and Ashley Reagle, and would show as follows:

1. Defendants move for dismissal under Fed.R.Civ.P. 12(b)(6), arguing that Plaintiff fails to give Defendants fair notice of his claims and grounds therefor.

2. Defendants argue that Plaintiff has only offered "labels and conclusions and a formulaic recitation of the elements of a cause of action" that are implausible.

3. Defendants argue that Plaintiff "cannot prove" absence of probable cause or that his detention was "unreasonable and unwarranted."[1]

---

[1] Here, Defendants cite *Bolanos v. Metro. Dade City*, 677 So. 2d 1005 (Fla. 3rd DCA 1996), on a ruling on summary judgment on a completed record. At this stage of the proceedings, Plaintiff does not purport to prove anything.

1

4.  Defendants further argue that because Plaintiff alleges he was "stopped" rather than "arrested," his claim necessarily fails. But under the applicable law, Plaintiff need not invoke "magic words" in order to plead a cause of action.

5.  Defendants argue that Plaintiff admits on the face of the pleadings to the existence of probable cause for the arrest by Defendant Reagle. He does not.

6.  As to Count II, under 42 U.S.C. 1983, Defendants claim that the Complaint "acknowledges" that there was a "reasonable belief" Plaintiff was the person that the Leon County Sheriff's Office was "looking for." It does not.

7.  As to Count III, it is true that the pleadings do not allege that Trooper Reagle's actions were "reckless or intentional." Plaintiff will amend.

8.  To the extent that Plaintiff's pleadings may be deficient or inarticulate, Plaintiff intends to amend as of right pursuant to Fed.R.Civ.P. 15(a)(1)(B).

## MEMORANDUM OF LAW

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," but "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (quotation omitted), which can allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman v. Comm'r*, 871 F.3d 1283, 1289 (11th Cir. 2017). This threshold "is not akin to a 'probability requirement'"—the plaintiff must merely

2

allege "'enough fact to raise a reasonable expectation that the discovery will reveal evidence' of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Factual content must allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman*, 871 F.3d at 1289.

The Eleventh Circuit thus applies a "two-pronged approach" in evaluating motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). This approach applies to all Rule 8(a) pleadings—no heightened pleading standard exists for civil right or municipal liability claims. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993).

## I.     False Arrest under Florida Law

"[U]nder Florida law false arrest and false imprisonment are different labels for the same cause of action." *Coleman v. Hillsborough Cnty.*, 41 F.4th 1319, 1327 (11th Cir. 2022) (quoting *Rankin v. Evans*, 133 F.3d 1425, 1430 n.5 (11th Cir. 1998)); *Spears v. Albertson 's, Inc.*, 848 So.2d 1176, 1178 (Fla. 1st DCA 2003). Under Florida law, there are four essential elements of a cause of action for false imprisonment:

(1) the plaintiff was unlawfully detained or deprived of liberty;

(2) the plaintiff was detained against his will;

(3) the plaintiff was detained without legal authority or color of authority; and

(4) the plaintiff's detention was unreasonable and unwarranted.

*Montejo v. Martin Mem'lMed. Ctr. Inc.*, 935 So.2d 1266, 1268 (Fla. 4th DCA 2006) (citations omitted); see *Alvoid as next friend A.R.A v. Sch. Dist. of Escambia Cnty.*, 582 F.Supp.3d 1140, 1148 (N.D. Fla. 2021).

Whether styled as false arrest or false imprisonment, a plaintiff is not required to invoke magic words or a specific turn-of-phrase to successfully plead his complaint. *See Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 825 (11th Cir. 2001) ("Even though it is true that the original complaint did not contain the specific words 'breach of fiduciary duty' or 'truthful' information, [the plaintiff's] complaint outlined sufficient facts to put [the defendant] on notice of such a claim.").

Plaintiff has pleaded that on February 6, 2021, at about 1:00 a.m., Florida Highway Patrol Trooper Ashley Reagle stopped Black's car, confronting Black with a loaded and leveled firearm. (Complaint, ECF 2, ¶¶ 10-12). The stop was not reasonable based on the information available to Trooper Reagle at the time of the stop.  Black knew that he was being unjustifiably detained but followed all instructions because he believed he could be killed at any moment. Black continued to be detained even though it would have been clear to Reagle that his license tag was the wrong number and the wrong state. (Id., ¶¶ 18-20).

Of course, the existence of probable cause to arrest is an affirmative defense to false arrest. Probable cause for arrest exists where "the facts and circumstances known to the arresting officers were sufficient to cause a reasonably cautious person

to believe that the suspect was guilty of committing a crime." *Fla. Game & Freshwater Fish Comm'n v. Dockery*, 676 So.2d 471, 474 (Fla. 1st DCA 1996). *Lewis v. Morgan*, 79 So. 3d 926, 929 (Fla. Dist. Ct. App. 2012); See *Rivers v. Dillards Dep't Store, Inc.*, 698 So.2d 1328, 1331 (Fla. 1st DCA 1997). But certainly no such affirmative defense appears on the face of the complaint in this case.

## II.    False Arrest under 42 U.S.C. § 1983

The U.S. Supreme Court has held that the elements of a claim for false arrest are a warrantless, malicious arrest or deprivation of liberty without probable cause. *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); *Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990). As noted above, a law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. The existence of probable cause to arrest is based on objective standards. *Von Stein*, 904 F.2d at 578.

The common allegations of fact in this case, set out in the section above, adequately make out a case for a violation of the Fourth Amendment for purposes of an action under 42 U.S.C. § 1983, just as for the tort of false arrest under Florida law. Nothing appearing on the face of Plaintiff's Complaint constitutes a legal justification for the armed stop by Defendant Reagle.

### III.     Intentional Infliction of Emotional Distress

The elements of the tort of intentional infliction of emotional distress are:

(1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;

(2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;

(3) the conduct caused emotion[al] distress; and

(4) the emotional distress was severe.

*LeGrande v. Emmanuel*, 889 So.2d 991, 994-95 (Fla. 3d DCA 2004) (quoting *Clemente*

*v. Home*, 707 So.2d 865, 866 (Fla. 3d DCA 1998)).

Plaintiff should have recited that Reagle's acts were "intentional or reckless."

Plaintiff will add that allegation by amendment under Fed.R.Civ.P. 15(a)(1)(B).

### IV.     Conclusion

There is no defensible argument that Plaintiff's substantive real-life depiction

of events he experienced first-hand and close-up can be dismissed as "conclusory

allegations framed to appear as facts." Based on the argument and authority cited

above, the Court should deny the Defendants' Motion to Dismiss.

Respectfully submitted on 11/27/23,   *s/ James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

ATTORNEY FOR PLAINTIFF

6