IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLES BLACK,

          CASE NO.: 4:23-cv-00491-AW-MAF

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR
VEHICLES, an Agency of the State
of Florida, and ASHLEY REAGLE,
in his individual capacity,

    Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES and ASHLEY REAGLE, file this Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and states as follows:

1.    Admitted for jurisdictional purposes only.

2.    Admitted for jurisdictional purposes only.

3.    Admitted that venue is proper in the North District of Florida, Tallahassee Division. Denied that any wrongful acts took place.

4.    Without knowledge, therefore denied.

5.    Without knowledge, therefore denied.

6.    Without knowledge, therefore denied.

7.    Admitted.

8.    Admitted.

9.    Denied.

10.    Without knowledge, therefore denied.

11.    Without knowledge, therefore denied.

12.    Without knowledge, therefore denied.

13.    Without knowledge, therefore denied.

14.    Without knowledge, therefore denied.

15.    Without knowledge, therefore denied.

16.    Without knowledge, therefore denied.

17.    Denied.

18.    Without knowledge, therefore denied.

19.    Without knowledge, therefore denied.

20.    Denied.

21.    Denied.

22.    Without knowledge, therefore denied.

23.    Without knowledge, therefore denied.

24.    Without knowledge, therefore denied.

25.    Without knowledge, therefore denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Without knowledge, therefore denied.

32.    Without knowledge, therefore denied.

33.    Denied.

34.    Without knowledge, therefore denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Defendant Reagle filed a Motion to Dismiss as to Count II contemporaneously with this Answer. To the extent that a response is needed, denied.

42.     Defendant Reagle filed a Motion to Dismiss as to Count II contemporaneously with this Answer. To the extent that a response is needed, denied.

43.     Defendant Reagle filed a Motion to Dismiss as to Count II contemporaneously with this Answer. To the extent that a response is needed, denied.

44.     Defendant Reagle filed a Motion to Dismiss as to Count II contemporaneously with this Answer. To the extent that a response is needed, denied.

45.     Defendant Reagle filed a Motion to Dismiss as to Count II contemporaneously with this Answer. To the extent that a response is needed, denied.

46.     Defendant Reagle filed a Motion to Dismiss as to Count II contemporaneously with this Answer. To the extent that a response is needed, denied.

47.     Defendant Reagle filed a Motion to Dismiss as to Count II contemporaneously with this Answer. To the extent that a response is needed, denied.

48. Defendant Reagle filed a Motion to Dismiss as to Count II contemporaneously with this Answer. To the extent that a response is needed, denied.

49. Defendant Reagle filed a Motion to Dismiss as to Count II contemporaneously with this Answer. To the extent that a response is needed, denied.

50. Defendant Reagle filed a Motion to Dismiss as to Count II contemporaneously with this Answer. To the extent that a response is needed, denied.

51. Defendants filed a Motion to Dismiss as to Count III contemporaneously with this Answer. To the extent that a response is needed, denied.

52. Defendants filed a Motion to Dismiss as to Count III contemporaneously with this Answer. To the extent that a response is needed, denied.

53. Defendants filed a Motion to Dismiss as to Count III contemporaneously with this Answer. To the extent that a response is needed, denied.

54. Defendants filed a Motion to Dismiss as to Count III contemporaneously with this Answer. To the extent that a response is needed, denied.

55. Defendants filed a Motion to Dismiss as to Count III contemporaneously with this Answer. To the extent that a response is needed, denied.

56. Defendants filed a Motion to Dismiss as to Count III contemporaneously with this Answer. To the extent that a response is needed, denied.

57. Defendants filed a Motion to Dismiss as to Count III contemporaneously with this Answer. To the extent that a response is needed, denied.

58. Defendants filed a Motion to Dismiss as to Count III contemporaneously with this Answer. To the extent that a response is needed, denied.

## AFFIRMATIVE DEFENSES

1. Defendants had legal justification for the alleged detention.

2. Defendants had a reasonable but mistaken belief that their actions were lawful or necessary.

3. Defendants had probable cause for any alleged detention.

4. Plaintiff has failed to state a cause of action.

5. Plaintiff was not held for an unreasonable amount of time.

6. The Plaintiff's recovery, if any, is to be reduced by the total of all amounts paid or payable on behalf of Plaintiff from all collateral sources and No-Fault Insurance coverages.

7. This cause is governed by the Florida Statutes 768.81, which provides for the reduction of any judgment entered against Defendants based upon the proportionate fault of any others who may be liable to the Plaintiff, or who may be found to be at fault, in whole or in part, for any damage to Plaintiff.

8. The right of action and relief requested are governed and limited by Chapter 768, Florida Statutes, including but not limited to the provisions governing the waiver of sovereign immunity and the provisions limiting the amounts of damages recoverable.

9. All or part of the conduct complained of against these Defendants is protected by the principles of sovereign immunity.

10. All or part of the conduct complained of against these Defendants is protected by the principles of qualified immunity.

11. The Plaintiff's claims and damages sought are subject to the

limitations and conditions contained within Florida Statutes, section 768.28 (2002).

12.    All activities by the Defendants relevant to this claim were part of the government's planning function, therefore sovereign immunity attaches, and the Defendant is protected from Plaintiff's claims.

13.    The Plaintiff has failed to exhaust his administrative remedies.

14.    Plaintiff failed to satisfy a condition precedent to maintaining this claim.

DATED this 21st day of December, 2023.

THOMPSON, CRAWFORD,
BROWN & SMILEY, P.A.

/s/ Thomas R. Thompson

_____
THOMAS R. THOMPSON, ESQUIRE
Florida Bar No. 890596
tom@tcslawfirm.net
rebecca@tcslawfirm.net
Mallory B. Brown, Esq.
Florida Bar No. 124039
mallory@tcslawfirm.net
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
Fax: (850) 386-8507
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been sent by Electronic Filing to James V. Cook, Esq., at cookjv@gmail.com, this 21st day of December, 2023.

/s/ Thomas R. Thompson

_____

Thomas R. Thompson, Esq.