UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLES BLACK,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, an Agency of the State of Florida, and ASHLEY REAGLE, in his individual capacity,

    Defendant.

CASE NO. 4:23-cv-00491-AW-MAF

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT FOR DAMAGES**

    Plaintiff, CHARLES BLACK, responds to the Motion to Dismiss (ECF 14), pursuant to Fed.R.Civ.P. 12(b)(6), by Defendants Florida Department of Highway Safety and Motor Vehicles and Ashley Reagle, and would show as follows:

    1.  Defendants move to dismiss Plaintiff's Count II, arguing that Plaintiff fails to give fair notice of his claims and grounds. Specifically, Defendant claims that Plaintiff still fails to plausibly allege the absence of Probable Cause.

    2.  Defendants move to dismiss Plaintiff's Count III, contending that Plaintiff has failed to show that Defendants acted recklessly or intentionally or that any conduct alleged was extreme or outrageous given the circumstances.

    3.  Under the rules that govern pleading, Plaintiff feels that he has now alleged sufficient facts to state a claim to relief that is plausible on its face.

## MEMORANDUM OF LAW

To survive a 12(b)(6) motion to dismiss, a plaintiff is required to plead facts, not legal theories. *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (Per Curiam). A plaintiff must provide "more than labels and conclusions" but "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015), which can allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman v. Comm'r*, 871 F.3d 1283, 1289 (11th Cir. 2017). This threshold "is not akin to a 'probability requirement'"—the plaintiff must merely allege "'enough fact to raise a reasonable expectation that the discovery will reveal evidence' of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556).

The Eleventh Circuit thus applies a "two-pronged approach" in evaluating motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). This approach applies to all Rule 8(a) pleadings—no heightened pleading standard exists for civil rights or municipal liability claims. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993).

I. **False Arrest under 42 U.S.C. § 1983**

In his First Amended Complaint, Plaintiff alleges sufficient facts to demonstrate that Defendant Reagle stopped him without probable cause.[1] Plaintiff alleges that he was driving a vehicle with a Mississippi tag, number RAN4356. (ECF 13, ¶ 10), and that the officers were seeking a vehicle with a South Carolina tag with a different number. (Id., ¶ 24). Plaintiff also alleges that officers present remarked that Plaintiff's tag was not the one they were looking for. (Id., ¶ 25). Even after Reagle's mistake, a plainly obvious detail, was pointed out, Reagle continued to hold Black until a Deputy from the Leon County Sheriff's Office came to the scene and told the officers they had stopped the wrong vehicle. (Id., ¶ 28).

The U.S. Supreme Court has held that the elements of a claim for false arrest are a warrantless, malicious arrest or deprivation of liberty without probable cause. *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); *Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990). As noted above, a law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. The existence of probable cause to arrest is based on objective standards. *Von Stein*, 904 F.2d at 578.

---

[1] Counsel for Plaintiff inadvertently filed the penultimate rather than the final draft of the First Amended Complaint, which would have included the words "without probable cause" in Count II. Plaintiff can further amend to add those words if the Court finds them essential but would urge that the underlying facts have now been adequately pled.

It should be noted that in their Answer (ECF 15), Defendants claim a lack of knowledge and therefore deny as to ¶¶ 10, 24, and 25 and deny as to ¶ 28. (Id., Affirmative Defenses at 6). As a second Affirmative Defense, Defendants claim they had a "reasonable but mistaken belief that their actions were lawful or necessary." (Id., ¶ 2). They do not say what the "mistaken belief" was that required that they hold Plaintiff until the arrival of the Deputy. They do not claim that the mistake was based on Plaintiff's physical features rather than the vehicle, but rather deny any knowledge of that aspect of the stop while insisting the stop was reasonable. At this point, no facts have been developed as to the "mistaken belief." Only Plaintiff's observations regarding the stop are presently before the Court.

The existence of probable cause to arrest is an affirmative defense to false arrest. Probable cause for arrest exists where "the facts and circumstances known to the arresting officers were sufficient to cause a reasonably cautious person to believe that the suspect was guilty of committing a crime." *Fla. Game & Freshwater Fish Comm'n v. Dockery*, 676 So.2d 471, 474 (Fla. 1st DCA 1996). *Lewis v. Morgan*, 79 So. 3d 926, 929 (Fla. Dist. Ct. App. 2012); See *Rivers v. Dillards Dep't Store, Inc.*, 698 So.2d 1328, 1331 (Fla. 1st DCA 1997). But certainly no basis for such an affirmative defense appears on the face of the complaint in this case.

Discovery may show that there are facts other than those the Plaintiff observed. They may show that the "mistaken belief" pled in the Answer had some other basis. But that is not the question before the Court at this stage. Plaintiff has shown that the observable facts available to Defendants did not justify the stop.

## II. Intentional Infliction of Emotional Distress

The elements of the tort of intentional infliction of emotional distress are:

(1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;

(2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;

(3) the conduct caused emotion[al] distress; and

(4) the emotional distress was severe.

*LeGrande v. Emmanuel*, 889 So.2d 991, 994-95 (Fla. 3d DCA 2004) (quoting *Clemente v. Home*, 707 So.2d 865, 866 (Fla. 3d DCA 1998)).

Defendants do not claim to know the basis of the stop (ECF 15 at 6) but admit it was based on a "mistaken belief." But if the "mistaken belief" was based on facts that were plainly observable at the outset as Plaintiff alleges in his recitation of facts, why did Reagle wait for the arrival of the Deputy before letting Black go?

A jury could reasonably infer that Defendant Reagle became aware that the stop was wrongful but persisted, despite the visible emotional toll on the Plaintiff, for personal, face-saving reasons. A jury could reasonably infer that the reason Reagle continued to hold Black in the face of an obvious "mistake" was because he didn't want to admit that it was a wrongful stop and needed the Deputy to help him back out gracefully. If Black showed great distress at the stop, as he alleges, it would be all the more callous to keep him detained. A jury could infer that it was outrageous because Reagle knew the emotional toll on Black and cruelly persisted in the stop for

self-serving reasons despite knowledge of the resulting emotional harm.

### III. Conclusion

Based on the argument and authority cited above, the Court should find Counts II and III adequately pled and deny the Defendants' Motion to Dismiss. If the Court deems Plaintiff's pleading as inartful or otherwise deficient, further amendment would not be futile or made for the purposes of delay. The parties' Discovery Plan sets the final deadline for amendment as March 5, 2024.

Respectfully submitted on 1/4/24,   *s/ James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

ATTORNEY FOR PLAINTIFF

I CERTIFY a true copy hereof was served on counsel of record registered with the Court's electronic filing system on January 4, 2024,

*/s/ James Cook*